WALTER IRVING PRATT et al. *vs.* WILLIAM ASBURY JOHNSON.

Piscataquis.    Opinion November 14, 1905.

*Bills and Notes.    Contracts.    Sales.    Contemporaneous Warranty and Guaranty.
Breach Thereof.    Same Shown in Defense.*

The defendant executed and delivered to the plaintiffs his two promissory
notes for goods sold and delivered to him by the plaintiffs, and on the
same date the plaintiffs gave the defendants a written warranty and guar-
anty in relation to the same goods.    *Held:* That in an action on these
notes by the plaintiffs, any breach of the warranty and guaranty by the
plaintiffs to the detriment of the defendant can be shown in defense.

On exceptions by defendant.    Sustained.

Assumpsit on two promissory notes, each of the amount of twenty-
two dollars and thirteen cents, each dated August 7th, 1903, payable
in two and four months from date, respectively, signed by defendant
under name of Johnson & Co., and payable to plaintiffs.

The action was heard by the presiding Justice, with the right of
exception.    Plea, the general issue.

On the fourth day of August, 1903, the plaintiffs by their agent
F. T. Reed, entered into a contract of sale with the defendant, by
which contract the plaintiffs agreed to sell and the defendant under
the name of Johnson & Co., agreed to buy, certain toilet articles,
amounting to ninety-four dollars and fifty cents, from which amount
a freight allowance of six dollars was made.    This contract was
signed in duplicate, and each party retained a copy.

The contract contained the terms of sale, certain exchange agree-
ments, a memorandum of items of the goods sold, and the price.

There was also a written warranty on each package of the goods.

On the seventh day of August, 1903, the goods were shipped by
the plaintiffs to the defendant, and these notes were given by the
defendant, dated as August 7th, 1903.

At the trial the defendant claimed that the agreement and warranty
were a part of the consideration of the notes, and that the whole
transaction constituted one contract, and that there had been a breach

thereof by the plaintiffs and that the defendant was not liable on the notes, and should be allowed to set up this breach in defense of this action.

The plaintiffs on the other hand contended that there was no breach and that said notes and agreement were independent and collateral, and that said agreement could not be construed with said notes as a part of one and the same transaction, as claimed by the defendant, and the breach of said agreement and warranty could not be set up in defense.

The presiding Justice held that said agreement and warranty were independent and collateral to said notes, and could not be construed with said notes as a part of one and the same transaction, and upon that ground gave judgment for the plaintiffs. Thereupon the defendant excepted.

*George W. Howe,* for plaintiffs.

*M. L. Durgin, Hudson & Hudson, and Wm. A. Johnson,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, PEABODY, JJ.

STROUT, J.  August 4, 1903, plaintiffs and defendant made a written contract by which plaintiffs were to sell and defendant to purchase certain toilet articles at specified prices. August 7, 1903, the goods were shipped by plaintiffs, and the notes in suit bearing the same date were given by defendant to plaintiffs for the purchase price. On the same date plaintiffs gave defendant a written guaranty and warranty in relation to the same goods. At the trial defendant claimed a breach of the guaranty and warranty, and proposed to show it in defense, but the Court ruled that the guaranty and warranty were independent and collateral to the notes and could not be construed with the notes, and upon that ground gave judgment for the plaintiffs. Defendant excepted to this ruling.

The exceptions must be sustained. The warranty and guaranty related to the goods for which the notes were given, bore the same date as the notes, and must be regarded as in part consideration for the notes. Any breach thereof by the plaintiffs to the detriment of

the defendant may be shown in defense to a suit upon the notes by the original payee. This is not a case of an independent warranty as to another and different transaction, but relates to the particular goods for which the notes were given. The defendant had the option to sue upon the warranty, or, to avoid circuity of action, to set up a breach thereof in defense to this suit. He elected the latter course, and should have been allowed to make the defense. Such is the settled rule in this state. *Herbert* v. *Ford*, 29 Maine, 546; *Morse* v. *Moore*, 83 Maine, 473; *American Gas & Ventilating Machine Co.* v. *Wood*, 90 Maine, 516; *Hathorn* v. *Wheelwright*, 99 Maine, 351.

*Exceptions sustained.*